## FAILURE OF CITY OFFICIALS TO MAKE FINAL ESTIMATE FOR COMPLETED WORK.

Common Pleas Court of Hamilton County.

WARREN BROS. CO. V. CITY OF CINCINNATI.*

Decided, 1912.

*Municipal Contracts—Contractor Entitled to Interest Where there is Delay in the Final Estimate—Not Limited to Mandamus to Compel Payment—Compliance with the Requirement that All Bids Embracing Both Labor and Material be Separately Stated with the Price Therefor—Bond as a Condition Precedent to City Accepting the Work*

1. Failure of city officials to make a final estimate on completed work or to take the necessary steps leading up to settlement of the claim

---

*Reversed by the Court of Appeals, and judgment of Court of Appeals reversed by the Supreme Court on grounds stated in the journal entry. 92 Ohio State.

of the contractor within a reasonable time creates liability on the part of the city for interest on the fund so withheld.

2. A contractor who is unable to obtain a final settlement from a municipality is not limited to an action in mandamus to compel the officials to perform their duty, but if he so elects, he may have recourse to an action in tort for damages.

3. A bid of a public contractor for a street improvement, containing twenty items, one of which and a fair sample of the other items being "Curbs, 5 inch granite, per lin. ft., one dollar and thirty cents, $1.30 cts," sufficiently complied with Section 4329, General Code (143 Municipal Code, old section), requiring all bids embracing both labor and material to be separately stated with the price therefor.

4. A clause in a bond required by the city to be executed by the contractor as a condition precedent to the city accepting the work and executed for the purpose of protecting the city from all damages resulting from accepting the work, which clause provided "it being understood that the execution of the bond shall in no wise prejudice the rights, if any, which the contractors may have to interest on the contract price for said work from the time of its completion," was a sufficient reservation of the question of interest, and therefore the contractor was not estopped to claim interest after accepting payment of the principal sum.

*Louis B. Sawyer* and *Wm. A. Roudebush*, for Warren Bros. Co.

*E. M. Ballard, Dudley V. Sutphin* and *Geoffrey Goldsmith*, City Solicitors, in common pleas court. *Alfred Bettman* and *Coleman Avery*, City Solicitors, in court of appeals. *Walter M. Schoenle* and *Constant Southworth*, City Solicitors, in Supreme Court, contra.

DICKSON, J.

This was an action for interest on delayed payments for work performed by plaintiff upon public work.

Plaintiff claims that on the 24th day of October, 1905, it entered into a contract with the city of Cincinnati to lay a bitulithic pavement on one of its streets—Fairfax avenue; that the contract was fully completed on its part in December, 1905, and that as the work progressed certain partial estimates were made and paid for, amounting to $9,514.72; that the defendant wrong-

fully refused within a reasonable time after the completion of the work to make the certain final estimate, which was the basis for certain required steps in legislation by ordinance, etc., required in the contract and by law, leading up to and ending in final payment in full; that this final estimate was not made until on or about the 23d day of May, 1908, and when made was in the sum of $43,341.97; that by the terms of the contract ten per cent. ($4,480.88) was withheld, and that the balance ($29,426.37) was paid in June and August, 1908; that these payments were by agreement made without prejudice to plaintiff's right to damages for delay in making the final estimate, as evidenced by a clause in additional bond required by the city to be executed by Warren Brothers on June 4, 1908, before the payment of the principal sum to protect the city from any damages that might result by reason of accepting the work on account of a non-compliance with contract, which clause provided "It being understood that the execution of the bond shall in no wise prejudice the rights, if any, which the contractors may have to interest on the contract price for said work from the time of its completion." The damages claimed being interest on the various payments thus wrongfully withheld, and amounting in all to the sum of $4,111.85, the time covered being something over two years.

It was contended on the part of the city that it was not bound to make the final estimate and accept the work within a reasonable time, as the contract did not provide any time for accepting said work; that municipalities in Ohio are not liable for interest in the nature of damages for delay in payment for work performed; that it had no power to pay tortuous interest and that the contract was void because the bid did not comply with Section 4329 (143, Municipal Code, old section) requiring all bids embracing labor and material to separately state the price of labor and material.

1. The making of or refusal to make this final estimate raises squarely the issue in this action on this demurrer.

It was clearly plaintiff's duty to have finished the street in accord with the terms of the contract. It alleges it did this.

It was clearly the city's duty within a reasonable time after the street was turned over to it as completed to have accepted it and given the final estimate and at once to have begun the necessary legislation in the premises—or within such reasonable time to have refused so to do.

2. While it is true that a person dealing with a municipal corporation, a department of the government, must take notice that in many respects he deals differently than with another person, individual, and while it is true that many statutes have been passed by the General Assembly to protect the public from the evils of both omission and commission by its elected and appointed agents, yet it is also true that in the absence of such statutes a person may deal with it as with another person, and such person need not have recourse to the writ of mandamus to compel the city to do its duty, and it will not avail the city that such a person prefers an action in damages.

The failure of the city to do its duty by either accepting or rejecting the work alone makes it amenable to the cause of action set out in the petition; and if liable, damages as interest on the money thus wrongfully withheld is a proper remedy.

On the above two grounds the petition states a cause of action.

3. The city claimed further on demurrer, that the contract was void because of non-compliance with Section 4329 (143, Municipal Code, old section), which provides:

"If the work bid for, embraces both labor and material, they shall be separately stated with the price therefor."

The purpose of this law is to protect the public and to enable it to select the lowest and best bid.

Where shall the court draw the line between labor and material? What must be read into this law to make it intelligible?

One of the items, and a fair sample of the other items, in the contract in the petition herein, is:

"Curbs 5 inch granite per lin. ft. one dollar and thirty cents $1.30 cts."

Where shall the court draw the line between labor and material in this item? There is labor in making the curb, labor in transporting it, and in setting it. The material is granite. Shall the contractor be denied pay for his work done and accepted because he has failed here to separate labor from material? What labor and what material is meant?

This court in this item is of the opinion that curb as a finished work is meant, and labor only is in the setting. But another court might hold otherwise. All laws should be definite and certain, and if they are not, then that one who seeks benefit thereunder should show that he has been honest and the other one dishonest.

The court is of the opinion that the plaintiff in this contract has substantially complied with the law, i. e., that it has honestly endeavored to comply with the law, and whether it has or has not complied is a question. When such a question arises it is best that the contractor have his pay, less what it would cost to make the owner whole, and unless the owner can show damage, the contractor may have his pay including interest for any delay therein.

The demurrer will be overruled.

[The court had previously overruled a demurrer by the city, urged upon other grounds. See *Warren Brothers Co.* v. *Cincinnati*, 7 O. L. R., p. 542.]

Judge Dickson, later deciding the case on final submission upon demurrers, briefs and agreed statement of facts, a jury having been waived, held:

"The judgment will be for the plaintiff and in an amount equal to the interest upon the payments withheld from January 1, 1907, being one year after the completion of the street.

"The reason for permitting interest only from year after the completion of the work is because the city had a right under the circumstances in this case to delay at least that long in the payments of the balances due on the contract."

The above decision of Judge Dickson was reversed by the court of appeals, case No. 5623, reported in the *Court Index* of November 24, 1913.

The Supreme Court, on March 23, 1915, reversed the court of appeals and affirmed Judge Dickson's decision of the common pleas without opinion (92 Ohio State), the journal entry reading:

*   *   *   "It is ordered and adjudged by this court that the judgment of the said court of appeals be   *   *   *   reversed; and this court coming now to render the judgment that the court of appeals should have rendered, and it appearing that the city unreasonably delayed the payment of the money due the plaintiffs in error, and that at the time the principal sum was paid it was mutually understood and agreed, and expressly stated in the bond given by the contractors to the city, that the right of the contractors to demand interest by way of damages for the withholding of said payment should not be prejudiced by accepting payment of the principal sum, and it further appearing that the common pleas court allowed the city substantially one year in which to approve and accept or reject the work of the contractors, for which time it allowed the contractors no interest on the balance of the unpaid contract price.

"It is therefore ordered, adjudged and decreed by this court that the judgment of the common pleas court be, and the same hereby is affirmed."